**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2004 OCT -8 A 9:34

U.S. DISTRICT COURT
DISTRICT OF MASS.

JAMES A. STANLEY and
DENISE M. STANLEY

Plaintiffs,

v.

C.A. 04-11376WGY

AMERIQUEST MORTGAGE
COMPANY

Defendant.

## ANSWER

### INTRODUCTION

1. Paragraph 1 of the complaint is a conclusory statement to which no response is required. To the extent a response is required, defendant, Ameriquest Mortgage Company (hereinafter Ameriquest) denies the allegations contained in paragraph 1 of the complaint and calls on Plaintiff to prove same.

2. Paragraph 2 of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Ameriquest denies the allegations contained in paragraph 2 of the complaint and calls on Plaintiff to prove same.

3. Paragraph 3 of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Ameriquest denies the allegations contained in paragraph 3 of the complaint and calls on Plaintiff to prove same..

## PARTIES

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. Ameriquest admits that it's principle place of business is at 1100 Town and County Road, Suite 900, Orange, CA 92808. Ameriquest denies the balance of the allegations in paragraph 5, and calls on plaintiff to prove same.

6. Ameriquest states the references in paragraph 6 are so vague and ambiguous that Ameriquest is unable to admit or deny the allegations contained in paragraph 6 of the complaint. To the extent a response is required, Ameriquest denies the allegations contained in paragraph 6 of the complaint and calls on plaintiff to prove same.

7. Ameriquest states the references in paragraph 7 are so vague and ambiguous that Ameriquest is unable to admit or deny the allegations contained in paragraph 7 of the complaint. To the extent a response is required, Ameriquest denies the allegations contained in paragraph 7 of the complaint and calls on plaintiff to prove same.

8. Ameriquest states the references in paragraph 8 are so vague and ambiguous that Ameriquest is unable to admit or deny the allegations contained in paragraph 8 of the complaint. To the extent a response is required, Ameriquest denies the allegations contained in paragraph 8 of the complaint and calls on plaintiff to prove same.

## FACTS

9. Ameriquest admits that Plaintiff obtained a loan from Ameriquest on or about June 14, 2002. Ameriquest is without knowledge or information sufficient to form a belief as to the rest of the allegations contained in paragraph 9 of the complaint.

10. Ameriquest is without knowledge information sufficient to form a belief as to the allegations contained in paragraph 10 of the complaint.

11. Ameriquest is without knowledge information sufficient to form a belief as to the allegations contained in paragraph 11 of the complaint.

12. Denied. By way of further answering Ameriquest states it provided the Notice of Right to cancel which we attached hereto as Exibit A.

13. Ameriquest denies the allegations contained in paragraph 13 of the complaint and calls on plaintiff to prove same.

14. Admitted.

## COUNT I – TRUTH IN LENDING ACT

15. Ameriquest repeats and realleges its responses to paragraphs 1-14 and incorporates them herewith.

16. Denied.

17. Paragraph 17 of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Ameriquest denies the allegations contained in paragraph 17 of the complaint and calls on Plaintiff to prove same.

18. Paragraph 1 of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Ameriquest denies the allegations contained in paragraph 18 of the complaint and calls on Plaintiff to prove same.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery by his own unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Any alleged damages or injuries suffered by the Plaintiffs, if any, are the result of their own conduct, actions and omission.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs have suffered no cognizable damages.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Ameriquest are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs are estopped to advance their claims against Ameriquest. And the Plaintiffs' recovery is based upon recoupment and setoff in favor or Ameriquest.

## SEVENTH AFFIRMATIVE DEFENSE

Any alleged damages or injuries suffered by the Plaintiffs is the result of the conduct, actions, omissions and statements of persons or entities other than Ameriquest and for whom and for which Ameriquest is not legally responsible or liable.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiffs failed to mitigate their damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiffs are barred from maintaining this action based upon the doctrine of waiver, release and acquiescence.

**TENTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, Ameriquest acted reasonably and in good faith.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by the applicable statue of limitations.

**TWELVTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims must be dismissed because any actions taken by Ameriquest were performed in accordance with law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims must be dismissed because the alleged acts or omissions of Ameriquest were done with the actual or implied consent of the Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims must be dismissed because the alleged acts or omissions of Ameriquest did not cause the Plaintiffs any damages alleged or otherwise.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' Complaint fails to state a claim under the Federal Truth in Lending Act, 15 U.S.C. §§ 1601, et. Seq.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' Complaint fails to state a claim under the Massachusetts Consumer Credit Cost Disclosure Act, G.L. c. 140D, §§ 1 et. seq.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs executed a document that was entitled "Important Notice to Borrower(s)," in which the Plaintiffs acknowledge that:

> Oral agreements, promises or commitments to lend money, extend credit, or forebear from enforcing repayment of a debt, including promises to extend, modify, renew or waive such debt, are not enforceable. To protect you (Borrower(s)) and us (Lender) from misunderstandings or disappointments, any agreements we have reached covering this loan transaction are contained in the loan documents you have signed today. Your loan documents are the complete statement of the loan agreement reached between us. Any subsequent agreement between us regarding this loan must be a signed writing to be legally enforceable.

**EIGHTEENTH AFFIRATIVE DEFENSE**

Pursuant to the "Notice of Right to Cancel" provided by Ameriquest to the Plaintiffs, the Plaintiffs had a mandatory three (3) day period in which to reconsider the Ameriquest Loan and cancel the loan if they chose. The Plaintiffs chose not to exercise this right.

**NINETEENTH AFFIRMATIVE DEFENSE**

In addition to signing the "Notice of Right to Cancel," referenced in the preceding Affirmative Defense, the Plaintiffs also executed a "One Week Cancellation Period" document, which extended the cancellation period to one week after the date the load documents were signed. The Plaintiffs were specifically advised that this additional period was designed to give the Plaintiffs "more time to study your load documents, obtain independent advice and/or shop for a loan that you believe suit you better...." Notwithstanding, the Plaintiffs elected not to exercise his right to cancel. The Plaintiffs executed the "One Week Cancellation Period" document.

**TWENTIETH AFFIRMATIVE DEFENSE**

By executing the "Important Notice to Borrower(s)" document, the Plaintiffs acknowledged that they had been given an opportunity to read the load documents, that they had in fact read them, and that they fully understood the terms of the Ameriquest Loan transaction.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The Plaintiffs were specifically advised in writing in the loan documents relating to the Ameriquest Loan that: "The responsibility of the attorney for the Lender is to protect the interest of the Mortgagee. The Mortgagor may at his own expense, engage an attorney of his own selection to represent his own interests in this transaction." Ameriquest cannot be liable for any alleged damages arising out of the Plaintiffs' decision to close the loan transactions without legal representation. And, as such, the Plaintiffs' claims are barred by the Parole Evidence Rule.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Ameriquest affirmatively pleads contributory and/or comparative fault and negligence of the Plaintiffs herein; and any damages to which the Plaintiffs would otherwise be entitled to recover herein should be reduced pro rata in accordance with the Plaintiffs' own such negligence proximately contributing to the Plaintiff's alleged injuries and/or damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The Plaintiff's claims against Ameriquest are barred by their failure to add an indispensable party.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims against Ameriquest are barred by the doctrine of equitable subordination.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims against Ameriquest are barred by the doctrine of unjust enrichment.

Ameriquest reserves the right to plead such other affirmative defenses as become known or apparent during the course of discovery and the right to amend its answer accordingly.

**WHEREFORE,** the Defendant, Ameriquest Mortgage Company, respectfully requests that this Court deny the relief requested by the Plaintiffs; dismiss this action, with prejudice; assess all costs, expenses, fees, attorneys' fees, together with interest against the Plaintiffs and provide such other and all other relief that the Court deems reasonable and proper.

Respectfully submitted,

AMERIQUEST MORTGAGE COMPANY
By his attorney,

Victor Manougian
BBO #547808
Korde & Associates, PC
321 Billerica Road
Suite 210
Chelmsford, MA 01824-4100

Dated: October 7, 2004

## CERTIFICATE OF SERVICE

I, Victor Manougian, hereby certify that I have this day served a copy of the within Answer by First Class Mail, upon the following:

Christopher M. Lefebure
P.O. Box 479
Pawtucket, RI 02862

Dated: October 6, 2004

Victor Manougian

EXHIBIT A

# NOTICE OF RIGHT TO CANCEL

LENDER: Ameriquest Mortgage Company

DATE: June 14, 2002
LOAN NO.: 0036719532 - 5609
TYPE: ADJUSTABLE RATE

BORROWER(S): James A. Stanley Denise M. Stanley

ADDRESS: 12 E Street
CITY/STATE/ZIP: HULL,MA 02045

PROPERTY: 12 E Street
HULL, MA 02045

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is ENTER DOCUMENT SIGNING DATE 6/14/02 ; or
2. The date you received your Truth in Lending disclosures; or
3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1100 Town and Country Rd, Suite 200**
**Orange, California 92868**

ATTN: FUNDING
PHONE: (714) 541-9960
FAX: (714) 245-0857

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of ENTER FINAL DATE TO CANCEL 6/18/02

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

SIGNATURE _______________ DATE _______________

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

[signature] 6/14/02
BORROWER/OWNER James A. Stanley Date

[signature] 6/14/02
BORROWER/OWNER Denise M. Stanley Date

BORROWER/OWNER _______________ Date

BORROWER/OWNER _______________ Date

1054-NRC (Rev 6/99)

LENDER COPY