JAMES A. STANLEY and
DENISE M. STANLEY
  Plaintiffs

    v.                                             C.A. 04-11376WGY

AMERIQUEST MORTGAGE COMPANY,
  Defendant and Third Party Plaintiff

    v.

PETER T. DAMORE, JR.,
  Third Party Defendant

## THIRD PARTY COMPLAINT

Now comes the Defendant and Third Party Plaintiff, Ameriquest Mortgage Company (herewinafter Ameriquest) and hereby makes this Third Party Complaint against Peter T. Damore, Jr., third Party Defendant.

1. Plaintiffs have filed suit against the Defendant, Ameriquest a Complaint, a Copy of which is attached hereto as "Exhibit A".

2. On or about June 14, 2002 Ameriquest had retained Third Party Defendant, Peter T. Damore, Jr. (hereinafter Damore) to represent Ameriquest and conduct a closing for the premises located at 12E Street, Hull, MA.

3. On or about June 14, 2002 Damore conducted the closing on behalf or Ameriquest. At all times incident thereto, Damore was an attorney duly licensed to practice law in the Commonwealth of Massachusetts.

### COUNT I -- (LEGAL MALPRACTICE/NEGLIGENCE)

4. Paragraphs 1 through 3 are hereby incorporated by reference as if fully set forth herein.
5. As closing agent for Ameriquest, Damore breached his duty to Ameriquest by negligently conducting the closing on the Premises, and Ameriquest has been damaged thereby.
   WHEREFORE, Ameriquest demands judgment against Damore for damages suffered by Ameriquest, plus interest, costs and reasonable attorneys' fees, and for such other and further relief as is just.

## COUNT II – (BREACH OF CONTRACT)

6. Paragraphs 1 through 5 are hereby incorporated by referenced as if fully set forth herein.
7. As closing agent for Ameriquest, Damore was retained by Ameriquest to conduct the closing and insure that Ameriquest's position as first mortgagee was protected.
8. Damore breached his contract with Ameriquest by neglecting and failing to act diligently in the conduct of the closing, and Ameriquest has been damaged thereby.
   WHEREFORE, Ameriquest demands judgment against Damore for damages suffered by Ameriquest, plus interest, costs and reasonable attorneys' fees, and for such other and further relief as is just.

## COUNT III – (CONTRIBUTION)

9. Paragraphs 1 through 8 are hereby incorporated by referenced as if fully set forth herein.
10. In the event that Ameriquest is found liable to the Plaintiff, Ameriquest is entitled to contribution from Damore for his share of the entire liability.
    WHEREFORE, in the event of any finding of liability against Ameriquest or payment of settlement by Ameriquest, Ameriquest demands judgment against Damore, plus interest, costs and reasonable attorneys' fees, and for such other and further relief as is just.

## COUNT IV – (INDEMNIFICATION)

11. Paragraphs 1 through 10 are hereby incorporated by reference as if fully set forth herein.
12. Due solely to Damore's negligent acts and omissions as set forth herein, the Plaintiff have alleged that they have incurred damages.
13. As between Ameriquest and Damore, based upon the contract between Ameriquest and Damore and Damore's negligence in conducting the closing, equity requires that any obligation to pay damages be discharged by Damore.
14. Accordingly, to the extent Ameriquest is found liable, Ameriquest is entitled to indemnification from Damore for all such damages.
    WHEREFORE, in the event of a finding of liability against Ameriquest or payment of settlement by Ameriquest, Ameriquest demands judgment against Damore for all such amounts, plus interest, costs and reasonable attorneys' fees, and for such other and further relief as is just.

Respectfully submitted,

AMERIQUEST MORTGAGE COMPANY
By his attorney,

Victor Manougian
BBO #547808
Korde & Associates, PC
321 Billerica Road
Suite 210
Chelmsford, MA  01824-4100

Dated:  October 7, 2004