## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

                                                                                                                             CASE NUMBER:
                                                                                                                              **04-11376-WGY**

JAMES A. STANLEY and
DENISE M. STANLEY
        Plaintiffs

Vs.

AMERIQUEST MORTGAGE COMPANY
        Defendant and
        Third Party Plaintiff

Vs.

PETER T. DAMORE, Jr.
        Third Party Defendant

### ANSWER OF THE THIRD PARTY DEFENDANT, PETER T. DAMORE, JR.
### TO THIRD PARTY COMPLAINT

        Now comes the Third Party Defendant, Peter T. Damore, Jr., (hereinafter Damore) and responds to the Third Party Complaint as follows.

1.     Damore says that the complaint referenced in the Third Party Complaint speaks for itself and as such no response is required on the part of Damore.

2.     Damore admits that prior to June 14, 2002 Ameriquest retained Damore to conduct a closing relative to the property referenced in Paragraph 2 of the Third Party Complaint.

3.     Damore admits that at all times material hereto he was an attorney duly licensed to practice in the Commonwealth and further admits that on or about June 14, 2002 an attorney on behalf of Damore conducted the closing referenced in Paragraph 3 of the Third Party Complaint.

### COUNT I – (LEGAL MALPRACTICE/NEGLIGENCE)

4.     Damore restates his answers to Paragraphs 1 through 3 of the Third Party Complaint as if fully set out herein and expressly makes them a part of his answer to Count I.

5.     Damore denies the allegations contained in Paragraph 5 of the Third Party Complaint.

## COUNT II – (BREACH OF CONTRACT)

6. Damore restates his answers to Paragraphs 1 through 5 of the Third Party Complaint as if fully set out herein and expressly makes them a part of his answer to Count II.

7. Damore admits that he was retained by Ameriquest to conduct the closing at issue and further admits that Ameriquest desired to be in the position of first mortgage holder in connection with the subject transaction.

8. Damore denies the allegations contained in Paragraph 8 of the Third Party Complaint.

## COUNT III – (CONTRIBUTION)

9. Damore restates his answers to Paragraphs 1 through 8 of the Third Party Complaint as if fully set out herein and expressly makes them a part of his answer to Count III.

10. Damore denies the allegations contained in Paragraph 10 of the Third Party Complaint.

## COUNT IV – (INDEMNIFICATION)

11. Damore restates his answers to Paragraphs 1 through 10 of the Third Party Complaint as if fully set out herein and expressly makes them a part of his answer to Count IV.

12. Damore denies the allegations contained in Paragraph 11 of the Third Party Complaint.

13. Damore denies the allegations contained in Paragraph 12 of the Third Party Complaint.

14. Damore denies the allegations contained in Paragraph 13 of the Third Party Complaint.

## **AFFIRMATIVE DEFENSES**

By way of Affirmative Defenses, the Third Party Defendant, Damore, states as follows.

1. Damore says that the Third Party Complaint was not commenced within the applicable statute of limitations.

2. Damore says that the Third Party Complaint fails to state a cause of action upon which relief can be granted.

3. Damore says that the negligence of the Third Party Plaintiff contributed to and was a cause of any damages as alleged and such damages, if any, should be diminished in accordance with Massachusetts General Laws Chapter 231, Section 85, as amended and the common law of Massachusetts.

4. Damore says that the Third Party Plaintiff's negligence was greater than that of the Third Party Defendant and the Third Party Plaintiff is thereby barred from recovery under Massachusetts General Laws Chapter 231, Section 85, as amended and the common law of Massachusetts.

5. Damore says that the Third Party Plaintiff has failed to take reasonable steps to mitigate its damages.

6. Damore says that the Third Party Complaint is premature.

7. Damore says that the Third Party Plaintiff is estopped by its conduct from prosecuting this claim.

8. Damore says that the Third Party Plaintiff is guilty of laches.

9. Damore says that the Third Party Plaintiff comes to this Court with unclean hands.

10. Damore says that the Third Party Plaintiff has suffered no damages caused by any act and/or omission on the part of Damore.

11. Damore says that the Third Party Plaintiff has suffered no damages proximately caused by any act and/or omission on the part of Damore.

12. Damore says that if the Third Plaintiff suffered damages, said damages were the result of some act and/or omission on the part of some third party or parties over whom Damore exercised no control and for whom Damore was not legally responsible.

13. Damore says that at all times material hereto, Damore adhered to the protocol established by the Third Party Plaintiff with regard to refinancing transactions such as the transaction which is the subject of the plaintiffs' complaint and as such, Damore is not subject to liability to the Third Party Plaintiff.

14. Damore says that any and all duties owed by Damore to Third Party Plaintiff were met in a reasonable and prudent manner.

15. Damore says that with regard to Count III of the Third Party Complaint, Damore is not a joint tortfeasor pursuant to Chapter 231B and as such cannot be liable for contribution.

16. Damore says that with regard to Count IV of the Third Party Complaint, there exists no contract of indemnity between Damore and the Third Party Plaintiff.

17. Damore says that with regard to Count IV of the Third Party Complaint, the doctrine of common law indemnity is not applicable under the facts and circumstances of the present transaction.

18. Damore says that each and every act and/or omission made by Damore was done with the actual or implied consent of the Third Party Plaintiff and as such Third Party Complaint should be dismissed.

WHEREFORE, the Third Party Defendant, Peter T. Damore, Jr., demands judgment in his favor, all costs to the Third Party Plaintiff.

        THE THIRD PARTY DEFENDANT, PETER T. DAMORE, JR.,
        DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

        Respectfully submitted,

        _____
        Stephen J. Duggan
        BBO # 137610
        Sduggan@LynchLynch.com
        J. William Chamberlain, Jr.
        BBO # 632784
        Bchamberlain@LynchLynch.com
        Susan E. Sullivan
        BBO # 555570
        Ssullivan@lynchlynch.com
        Lynch & Lynch
        45 Bristol Drive
        South Easton, MA  02375
        508-230-2500